IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Lynn J. Morgan, | ) Case No. 6:15-cv-04652-MGL-JDA |
| Plaintiff, | ) |
| v. | ) **REPORT AND RECOMMENDATION** |
| Suite 12, Inc. *n/k/a The InStore Group, LLC.*, | ) |
| Defendant.[1] | ) |

Plaintiff, Lynn Morgan, brought the instant action in the South Carolina Court of Common Pleas in Greenville County on October 9, 2015. [Doc. 1-1.] Defendant the InStore Group, LLC ("InStore") removed the action to this Court on November 18, 2015 based on federal question jurisdiction. [Doc. 1.] On November 23, 2015, Defendant Suite 12, Inc. ("Suite 12") filed a consent to removal. [Doc. 7.] On April 1, 2016, the Court issued an Order to Show Cause why it should not remand the action to state court. [Doc. 18.] Defendants responded stating that this Court has subject matter jurisdiction over the matter because Plaintiff's claims "can be advance[d] or exist only under federal law." [Doc. 21 at 3.] After careful review of the pleadings, this Court finds that this action should be remanded because the Court lacks subject matter jurisdiction.

## BACKGROUND

Plaintiff alleges she was wrongfully terminated after suffering a stroke. [Doc. 1-1 ¶ 2.] Her Complaint raises the following eight causes of action: (1) a claim for declaratory

---

[1]Plaintiff filed this action alleging one defendant. However, The InStore Group, LLC and Suite 12, Inc. have made clear in their motions to dismiss that they are separate and distinct entities. [*See* Docs. 8, 9.]

judgment that a non-competition agreement is unenforceable; (2) a wrongful discharge claim; (3) an intentional infliction of emotional distress claim; (4) a breach of contract claim; (5) a negligent hiring/retention claim; (6) a negligent supervision claim; (7) a sexual harassment claim; and (8) a claim for unpaid wages. [*Id.* ¶¶ 3–38.] In addition to the declaratory judgment, Plaintiff seeks actual and punitive damages, as well as any further relief the Court might deem just and proper. [Doc. 1-1 at 7.] InStore's notice of removal asserts that Plaintiff's claims are removable because this Court has original jurisdiction over this action under 28 U.S.C. § 1331 as it involves a federal question arising under the laws of the United States. [Doc. 1.] Defendants' responses to the Order to Show Cause why the Court should not remand the action to state court argue that two of Plaintiff's causes of action, wrongful discharge and sexual harassment, require resolution under federal law, including but not limited to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq., and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, et seq. [Docs. 20, 21.]

## APPLICABLE LAW

A defendant in a case in a state court may remove that case to a federal district court only if the state court action could have been originally filed in a federal district court. *See* 28 U.S.C. § 1441. Jurisdiction is established based on the allegations of the plaintiff's complaint filed in state court. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Federal courts are presumptively without jurisdiction over civil matters, and the burden of establishing the contrary rests upon the party seeking jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The United States Court of

Appeals for the Fourth Circuit has consistently held that removal jurisdiction should be strictly construed because of the significant federalism concerns that it raises. *Mulcahey v. Columbia Organic Chemicals Co.*, 29 F.3d 148, 151 (4th Cir. 1994). For this reason, federal courts must resolve any doubts regarding federal jurisdiction in favor of remanding to the state court. *Id*. As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim. *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003).

## DISCUSSION

In this case, Defendants assert that this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331. Section 1331 provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. For federal jurisdiction to lie, a right or immunity created by the Constitution or the laws of the United States must be an essential element of the plaintiff's claim. *Gully v. First Nat'l Bank*, 299 U.S. 109, 112–13 (1936). It is well settled that the determination of federal question jurisdiction is governed by the "well-pleaded complaint rule," which requires for the exercise of federal jurisdiction based upon 28 U.S.C. § 1331 that a federal question be presented on the face of the plaintiff's well-pleaded complaint. *Harless v. CSX Hotels, Inc.*, 389 F.3d 444, 450 (4th Cir. 2004) (*citing Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004)). The plaintiff is the master of the complaint and may avoid federal jurisdiction by exclusively relying upon state law. *Caterpillar*, 482 U.S. at 398–99. Federal question jurisdiction does not exist if there is not a federal question on the face of the plaintiff's complaint. *Gully*, 299 U.S. at 111–13.

Here, the Complaint does not cite any federal statute, nor mention any federal common law cause of action. As stated, the Complaint alleges eight causes of action. [*See* Doc. 1-1.] Nowhere in the Complaint does Plaintiff refer to the ADA, Title VII, or any other federal statute; nor does she identify any other federal law constituting an essential element of her claims. Defendants argue that this Court has subject matter jurisdiction because under South Carolina law, the Plaintiff cannot maintain a state law claim for wrongful discharge, and further that Plaintiff's sexual harassment claim is not recognized under state law. In sum, Defendants argue that because Plaintiff's wrongful discharge and sexual harassment claims may only advance in federal court, this Court has subject matter jurisdiction. However, it is not up to this Court to decide whether Plaintiff's state law causes of action are viable. *See Holt v. Tonawanda Coke Corp.*, 802 F.Supp. 866, 868 (W.D.N.Y.1991). The Court finds that the face of Plaintiff's Complaint does not present a federal question. *See Franchise Tax. Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983) (stating that "Congress has given the lower federal courts jurisdiction to hear, originally or by removal from a state court, only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law"). For this reason, the Court finds that Plaintiff's claims do not arise under federal law and consequently, this Court does not have subject matter jurisdiction.

## **CONCLUSION**

Wherefore, based upon the foregoing, the Court recommends that this matter be REMANDED to the South Carolina Court of Common Pleas in Greenville County.

IT IS SO RECOMMENDED.

<u>s/Jacquelyn D. Austin</u>
United States Magistrate Judge

April 13, 2016
Greenville, South Carolina