

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| LYNN J. MORGAN, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 6:15-04652-MGL |
| | § | |
| SUITE 12, INC. n/k/a THE INSTORE | § | |
| GROUP, LLC, | § | |
| Defendant. | § | |

## ORDER ADOPTING THE REPORT AND RECOMMENDATION AND REMANDING THIS MATTER TO THE SOUTH CAROLINA COURT OF COMMON PLEAS IN GREENVILLE COUNTY

This case was filed as an employment discrimination action. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that it be remanded to the South Carolina Court of Common Pleas in Greenville County. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). The Court need not conduct a de

novo review, however, "when a party makes general and conclusory objections that do not direct the [C]ourt to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see* Fed. R. Civ. P. 72(b).  Thus, the Court will address each specific objection to the Report in turn.  As provided above, however, the Court need not—and will not—address any of Defendant's arguments that fail to point the Court to alleged specific errors that the Magistrate Judge made in the Report.

The Magistrate Judge filed the Report on April 13, 2016, Defendant[*] filed its objections to the Report on May 2, 2016, and Plaintiff filed her reply on May 18, 2016.  The Court has reviewed the objections, but finds them to be without merit.  Therefore, it will enter judgment accordingly.

Defendant raises several objections to the Magistrate Judge's Report.  However, Defendant has largely left the Court with the chore of teasing the objections out of Defendant's submissions. Having completed that task, the Court will now address the objections it has uncovered.

Defendant initially objects to the Magistrate Judge's suggestion that the Court has no subject matter jurisdiction over Plaintiff's wrongful discharge and sexual harassment causes of action.  ECF No. 24 at 2; ECF No. 25 at 1-2.  Defendant contends that Plaintiff has apparently conceded that her wrongful discharge and sexual harassment claims were brought under federal law, namely the Americans with Disabilities Act (ADA), 42 U.S.C. § 12112(b)(5), and Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e, respectively.  ECF No. 24 at 2; ECF No. 25 at 1-2. Defendant further propounds that Plaintiff's wrongful discharge and sexual harassment claims exist

---

[*]Plaintiff filed this action naming one defendant.  However, The InStore Group, LLC and Suite 12, Inc. have made clear that they are separate and distinct entities.  *See* ECF Nos. 8, 9, 23.  As the Magistrate Judge treated the entities as a single defendant, and both entities make the same arguments in their submissions, the Court will treat them as a single defendant as well.

only under federal law, and therefore this Court has original jurisdiction over those claims. ECF No. 25 at 2-3.

However, the Magistrate Judge properly recommended that this matter be remanded to state court. As noted in the Report, Plaintiff's "Complaint does not cite any federal statute, nor mention any federal common law cause of action." ECF No. 23 at 4. As observed already, Defendant asseverates, however, that Plaintiff's wrongful discharge and sexual harassment claims can exist only under federal law, and therefore Plaintiff does not have a claim under state law with respect to these two causes of action. ECF No. 25 at 2-3 (citing *Lawson v. S.C. Dep't of Corrections*, 532 S.E.2d 259, 261 (S.C. 2000) (ruling that a plaintiff cannot bring a South Carolina common law claim for "wrongful discharge" where the alleged discharge is in violation of a substantive right created by statute); *White v. Benedict Coll.*, 344 S.E.2d 147, 148 (S.C. 1986) (holding that South Carolina does not recognize a common law cause of action for sexual harassment)).

Nevertheless, Defendant's contentions are fundamentally misguided. The cases Defendant cites are inapposite. Although South Carolina does not recognize common law causes of action for sexual harassment or for wrongful discharge where the alleged discharge is in violation of a substantive statutory right, as Defendant well knows, South Carolina provides a statutory remedy for both Plaintiff's sexual harassment and wrongful discharge claims in the South Carolina Human Affairs Law (SCHAL), S.C. Code Ann. § 1-13-20. The SCHAL states that "the practice of discrimination against an individual because of race, religion, color, sex, age, national origin, or disability . . . is unlawful and in conflict with the ideals of South Carolina and the nation." *Id.* Moreover, the statute provides that "[i]t is an unlawful employment practice for an employer . . . to fail or refuse to hire, bar, discharge from employment or otherwise discriminate against an

individual with respect to the individual's compensation or terms, conditions, or privileges of employment because of the individual's race, religion, color, sex, age, national origin, or disability." *Id.* § 1-13-80(A)(1). Importantly, the SCHAL not only outlaws sexual discrimination, which includes sexual harassment, in the workplace but also specifically prohibits employers from retaliating against employees who complain of or oppose sex discrimination. *Id.* § 1-13-80(F).

In Plaintiff's Complaint, she alleges that Defendant wrongfully discharged her while she was suffering from a serious medical condition, namely a stroke. ECF No. 1-1 ¶¶ 8-12. Her allegations under this wrongful discharge cause of action seek a remedy for Defendant's purported discrimination against her based on her disability, and Defendant interprets the Complaint to allege disability discrimination as well. ECF No. 24 at 2; ECF No. 25 at 1-2 (contending that the conduct alleged in the Complaint violates the ADA). Plaintiff thus raises a cognizable claim under the SCHAL by alleging that Defendant discriminated against her based on her disability. *See* S.C. Code Ann. § 1-13-80.

Likewise, Plaintiff explicitly asserts a claim of sexual harassment against Defendant. ECF No. 1-1 ¶¶ 33-35. As noted above, the SCHAL outlaws sexual discrimination, which encompasses sexual harassment. Plaintiff's sexual harassment claim is therefore cognizable under the SCHAL as well. *See* S.C. Code Ann. § 1-13-80.

For this Court to have federal question jurisdiction over this case, a right or immunity created by the Constitution or laws of the United States must be an essential element of Plaintiff's claims. *See Gully v. First Nat'l Bank*, 299 U.S. 109, 112-13 (1936). The "well-pleaded complaint rule" requires for the exercise of federal jurisdiction based upon 28 U.S.C. § 1331 when a federal question is presented on the face of the plaintiff's well-pleaded complaint. *Harless v. CSX Hotels, Inc.*, 389

4

F.3d 444, 450 (4th Cir. 2004) (citing *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004)). Further, the plaintiff is the master of the complaint and may avoid federal jurisdiction by exclusively relying upon state law. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Here, as explained in the Report, Plaintiff's "Complaint does not cite any federal statute, nor mention any federal common law cause of action." ECF No. 23 at 4. Plaintiff raises eight causes of action in her Complaint, each of which is cognizable under state law. ECF No. 1-1. Moreover, Plaintiff insists that her Complaint raises "[n]o federal question nor any federal statute," thus expressing her intent to pursue her remedies under South Carolina law. ECF No. 28 at 1.

Because Plaintiff's wrongful discharge and sexual harassment causes of action are cognizable under the SCHAL, S.C. Code Ann. § 1-13-80, the Court holds that the face of Plaintiff's Complaint does not present a federal question, and the Court consequently does not have subject matter jurisdiction over the case. As observed above, Plaintiff is the master of her Complaint, and she may avoid federal jurisdiction by exclusively relying upon state law, which she has chosen to do here. *See Caterpillar, Inc.*, 482 U.S. at 392. Thus, the Court will overrule Defendant's objections.

The Court would be remiss if it neglected to draw attention to counsel for Defendant's inexplicable failure to address Plaintiff's wrongful discharge and sexual harassment claims in light of the SCHAL. Simply put, counsel's lack of candor toward this Court is troubling. *See* Rule 407, SCACR, Rules of Prof'l Conduct, Rule 3.3 (providing that "[a] lawyer shall not knowingly . . . fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel").

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Defendant's objections, adopts the Report, and incorporates it herein.  Therefore, it is the judgment of this Court that this matter is **REMANDED** to the South Carolina Court of Common Pleas in Greenville County.

**IT IS SO ORDERED**.

Signed this 26th day of May, 2016, in Columbia, South Carolina.

s/ Mary Geiger Lewis<br>
MARY GEIGER LEWIS<br>
UNITED STATES DISTRICT JUDGE